Dear Mr. Kershaw:
You have asked this office to advise whether you may legally retain your full-time employment as maintenance supervisor for the West Baton Rouge School Board while serving as elected councilman in West Baton Rouge Parish.
Under the Louisiana Dual Officeholding and Dual Employment Laws, R.S. 42:61, et seq., the police jury and the school board are two separate political subdivisions.[1] While the law prohibits one from holding local elective office and employment in the same political subdivision, the law does not prohibit one from holding elective office and employment in a separate political subdivision.[2]
Thus, you as parish councilman may hold employment as maintenance supervisor for the parish school board. In accord with our conclusion herein are Attorney General Opinions 93-69 and 85-247, copies attached.
We hope the foregoing is helpful to you. Should you have other questions in which we may provide assistance, please contact this office.
Very truly yours,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
 BY: _____________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
 KLK:ams *Page 2 
 ATTACHMENT OPINION NUMBER 85-247 4. . . . ASSESSORS 78. . . . OFFICERS — DUAL OFFICE HOLDING 88. . . POLICE JURIES — IN GENERAL
 R.S. 42:63(D) specifically prohibits a member of the parish governing authority from holding office or employment with the assessor. The position of police juror and school board employee are not incompatible.
R.S. 42:63(D)
 Honorable E.J. Francise President Iberville Parish Police Jury Post Office Box 389 Plaquemine, Louisiana 70765
Dear Mr. Francise:
You have stated that a member of the Iberville Parish Police Jury is both an employee of the Assessor and the Iberville Parish school Board. Your question is whether it is legal for the juror to hold such offices or employments.
R.S. 42:63(D) specifically prohibits a member of a parish governing authority from holding office or employment with the Assessor. The positions of police juror and school board employee are not incompatible, however.
As to whether it would be legal for such police juror to vote on an assessor's salary fund increase, that issue may have ethical implications and should be addressed to the Commission on Governmental Ethics.
Sincerely,
 WILLIAM J. GUSTE, JR. Attorney General
 BY: ______________________ KENNETH C. DJEAN Chief Counsel
 KCD:lg *Page 3 
 ATTACHMENT OPINION NUMBER 93-69
OPINION NO. 93-69 78 OFFICERS-Dual Officeholding LSA-R.S. 42:62(2), (3), (4), (5) (9); LSA-R.S. 42:63(D)
A person may hold local elective office and hold employment in a separate political subdivision. No prohibition exists against an employee of a school board serving as a police juror, since the school board and the local governing authority are separate political subdivisions. A prohibition does exist against the simultaneous holding of local elective office and a full time appointive office in any political subdivision.
Mr. John Alcee Moreau Registrar of Voters Room 104 Courthouse Bldg. P.O. Box 826 Opelousas, LA 70571-0826
Dear Mr. Moreau:
This office is in receipt of your opinion request, which has been assigned to me for research and reply. You raise the following issue for our review:
 "Do the Dual Officeholding and Dual Employment laws of the state prohibit an individual from concurrently holding employment as maintenance worker for the school board, while serving as duly elected police juror within the same parish?"
Both the parish police jury and the school board are separate political subdivisions, as defined in LSA-R.S. 42:62(9). A police juror holds local elective office. Presumably, the maintenance worker in question is an employee of the school board. "Employment" is defined as:
 ". . . . any job compensated on a salary or per diem basis, other than an elective or appointive office, in which a person is an employee of the state government or of a political subdivision thereof." LSA-R.S. 42:62(3); (Emphasis added).
There is no prohibition against holding both local elective office and employment in separate political subdivisions. LSA-R.S. 42:63(D). We enclose a copy of Attorney General Opinion Number 87-416, in which the author reached the same conclusion.
Our conclusion is predicated upon the assumption that the maintenance worker in question holds employment and does not hold full time appointive office as defined by statute. An appointive office is defined in LSA-R.S. 42:62(2) as follows: *Page 4 
 "Appointive office" means any office in any branch of government or other position on an agency, board, or commission or any executive office of any agency, board, commission, or department which is specifically established or specifically authorized by the constitution or laws of this state or by the charter or ordinances of any political subdivision thereof and which is filled by appointment or election by an elected or appointed public official or by a governmental body composed of such officials of this state or of a political subdivision thereof."
"Full time" is defined as at least seven hours per day of work and at least thirty-five hours per week of work. LSA-R.S.42:62(4). "Part time" means less than the number of hours of work defined as full time. LSA-R.S. 42:62(5). LSA-R.S.42:63(D) prohibits the simultaneous holding of local elective office and full time appointive office in a political subdivision:
 "No person holding an elective office in a political subdivision of this state shall at the same time hold another elective office or full-time appointive office in the government of this state or in the government of a political subdivision thereof. . . . . . ."
We conclude the individual in question may concurrently hold employment as a maintenance worker for the school board while serving as an elected police juror. If the individual in question in fact holds a full time appointive office, he is prohibited by statute from concurrently serving as police juror.
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 BY:__________________________________ Kerry L. Kilpatrick Assistant Attorney General
RPI/KLK/0199E *Page 5 
 ATTACHMENT June 10, 1987 OPINION NO. 87-416
78-Officers-Dual Officeholding
 Number of positions held not a determinant in dual officeholdin law; police juror may concurrently serve as an employe of the school board but not as an employee of the sheriff.
RS 42:63 D
 Ms. Diana Bourque Clerk of the Council Iberia Parish Council Post Office Box 970 New Iberia, Louisiana 70561-0970
Dear Ms. Bourque:
Your inquiry of recent date addressed to Attorney General William J. Guste, Jr. through the Board of Ethics for Elected Officials has been directed to me for attention and reply.
 I understand your question to be as follows:
 Can a member of a parish council also be concurrently employed by the sheriff and the parish school board?
At the outset, each of the three positions mentioned are, or belong to, separate local political subdivisions as defined in Louisiana's Dual Officeholding and Dual Employment Law in RS42:62 (9). Also, the number of positions held is not a determinate in considering violations of the dual officeholding law. (Attorney General's Opinion #87-311)
The pertinent provision in the dual officeholding law appicable to your question is found in RS 42:63 (D) which is quoted in pertinent part as follows:
 No person holding an elective office in a political subdivision of this state shall . . . hold at the same time employment in *Page 6 
the government of this state or in the same political subdivision in which he holds an elective office. In addition . . . nor shall any member of any parish governing authority or school board hold any office or employment with any sheriff, assessor, or clerk of court.
Therefore, provided there is no conflict in time or duties, it is the opinion of our office that a member of a police jury or parish council may also serve as an employee of a parish school board but may not concurrently serve as an employee of the sheriff.
If you have any further questions regarding this matter please contact our office.
 Sincerely,
 WILLIAM J. GUSTE, JR.
 ATTORNEY GENERAL
 BY: ______________________
 HARRY H. HOWARD
 SPEC. ASST. ATTORNEY GENERAL
[1] (9) "Political subdivision" means a parish, municipality and any other unit of local government, including a school board and a special district, authorized by law to perform governmental functions. In addition for the purposes of this Part., mayor's courts, justice of the peace courts, district attorneys, sheriffs, clerks of court, coroners, tax assessors, registrars of voters, and all other elected parochial officials shall be separate political subdivisions.
[2] D. No person holding an elective office in a political subdivision of this state shall at the same time hold another elective office or full-time appointive office in the government of this state or in the government of a political subdivision thereof. No such person shall hold at the same time employment in the government of this state, or in the same political subdivision in which he holds an elective office. In addition no sheriff, assessor, or clerk of court shall hold any office or employment under a parish governing authority or school board, nor shall any member of any parish governing authority or school board hold any office or employment with any sheriff, assessor, or clerk of court. (Emphasis added).